|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | UNITED STATES DISTRICT COURT |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA |
| 10 | |

| | | |
|---|---|---|
| 11 | JEAN MARC VAN DEN HEUVEL, | Case No. 2:19-cv-00806-JAM-JDP (PS) |
| 12 | Plaintiff, | ORDER VACATING THE SEPTEMBER 9, 2020, FINDINGS AND |
| 13 | v. | RECOMMENDATIONS |
| 14 | ROBERT C. BOWMAN, LAURA RIECH, STEVEN RAWSON, | ECF No. 5 |
| 15 | Defendants. | FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO STATE A |
| 16 | | CLAIM |
| 17 | | ECF No. 7 |
| 18 | | OBJECTIONS DUE WITHIN 14 DAYS |

This matter is before the court for screening under 28 U.S.C. § 1915(e)(2), which requires that the court dismiss a case that fails to state a claim. On August 6, 2020, the court found that plaintiff's complaint failed to state a claim and granted plaintiff leave to file an amended complaint. ECF No. 4. On September 9, 2020, the court found that plaintiff did not timely file his first amended complaint and recommended a dismissal of this case. ECF No. 5. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, plaintiff had fourteen days within which to file objections to the court's findings and recommendations. While plaintiff did not file any objections, he did file his first amended complaint within that fourteen-day time frame. *See* ECF

1

No. 7. Because plaintiff is proceeding pro se, I now vacate the court's previous findings and recommendations, ECF No. 5, and will consider plaintiff's first amended complaint.

In his first amended complaint, ECF No. 7, plaintiff names three defendants. As this court noted in its last screening order, the defendants "appear to have little, if any, connection to the allegations of the complaint." ECF No. 4 at 2. Plaintiff alleges violations of his Fifth and Fourteenth Amendment rights, ECF No. 7 at 3, but these rights can only be violated by the state or its agents. Plaintiff's amended complaint alleges that the defendants acted as private attorneys and a landlord, not as agents of the state. *See id.* at 2-6. While plaintiff alleges multiple instances of general wrongdoing, he has not pled with enough clarity or specificity for this court reasonably to infer a cognizable legal theory. Therefore, I recommend that the court dismiss this case.

**DISCUSSION**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Id.* Hence, in order to survive the screening of a claim brought under 42 U.S.C. § 1983, "a plaintiff must plausibly allege that 'she suffered the deprivation of a federally protected right and that the alleged deprivation was committed by a person acting under color of state law.'" *Sampson v. Cty. of Los Angeles by & through Los Angeles Cty. Dep't of Child. Fam. Servs.*, 974 F.3d 1012, 1018 (9th Cir. 2020) (quoting *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020)). Plaintiff must allege that each defendant personally

participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

When screening a pro se litigant's complaint, the court will liberally construe the allegations. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Still, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Plaintiff alleges violations of his Fifth and Fourteenth Amendment rights. ECF No. 7 at 3. While plaintiff does allege some instances of state action involving his incarceration and courtroom proceedings, plaintiff does not connect any of the named defendants to those actions. *See id.* at 2-6. In fact, it seems that plaintiff's allegations relate to two distinct incidents and should not be included in a single suit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . ."). Plaintiff appears to allege that Robert Bowman was involved in plaintiff's wrongful incarceration, but his relevant allegations revolve around state court criminal proceedings and the conditions at El Dorado County Jail. *See id.* at 3. Plaintiff does not specifically describe these proceedings or conditions and does not connect Bowman to them. Rather, plaintiff alleges only that "[t]he ineffective judge Warren C. Strancener violated, along with two other plaintiffs, Craig Caldwell, Robert C. Bowman, to m[e]thodically place into injur[i]ous, intentional acts of depr[i]vations." *Id.* As such, plaintiff's complaint does not identify any actions taken by Bowman from which the court could reasonably infer that Bowman violated plaintiff's Fifth and Fourteenth Amendment rights. As to the two remaining defendants, Laura Riech and Steven Rawson, plaintiff appears to allege that they were involved in unlawfully evicting him. *See id. at* 5. Again, plaintiff has not pled any facts from which the court could reasonably infer that either party violated any of plaintiff's rights, let alone his Fifth and Fourteenth Amendment rights. To the extent that plaintiff alleges

3

any wrongdoing by Riech and Rawson, that wrongdoing appears to be limited to a property dispute over which this court lacks jurisdiction.  *See id.*

**ORDER**

The September 9, 2020 findings and recommendations, ECF No. 5, are vacated.

**FINDINGS AND RECOMMENDATIONS**

The court has screened plaintiff's first amended complaint and finds that it fails to state a cognizable claim against any defendant.  Plaintiff's amended complaint contains the same shortcomings as his initial complaint and is plagued by the same general incoherence.  *See* ECF Nos. 1, 4. At this time, further leave to amend would be futile.  I recommend that the court dismiss this case for failure to state a claim.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   May 17, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4